UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANESH GUPTA,

    Petitioner,

v.                                                                                    Case No. 6:11-cv-00935-31GJK

ERIC HOLDER, et. al,

    Respondents.

_____

**ORDER**

Anesh Gupta ("Petitioner") has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 (Doc. 1, filed June 6, 2011). In the petition, Petitioner argues that Respondents are enforcing a "no-work" condition on Petitioner by arbitrarily refusing to withdraw the denial of Petitioner's I-485 application for adjustment of status which was based upon Respondents' denial of an I-130 petition for alien relative. Respondents filed a response to the petition in which they moved this Court to dismiss the petition for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 9). Petitioner filed a reply to the response and motion to dismiss (Doc. 12). For the reasons set forth below, Respondents' motion to dismiss the petition for lack of subject matter jurisdiction is GRANTED.

### *I.   Factual and Procedural History*

On June 19, 2002, Petitioner, a citizen of India, submitted to the United States Citizenship and Immigration Service's ("USCIS's") Chicago District Office an I-485 application for adjustment of status and an I-130 Petition for alien relative, filed by Laura Schultz, Petitioner's United States citizen spouse (Doc. 1 at 3).

On July 23, 2009, Petitioner's I-485 application for adjustment of status was denied on the bases that: (1) the marriage to Illinois resident Laura Schultz, upon which the application was based, was "a sham versus a good faith relationship as required by regulations"; and (2) a person who has attempted or conspired to attain an immigration benefit through fraud or misrepresentation is not eligible to adjust his status (Doc. 1-1 at 16). Based upon the denial of Petitioner's I-485 application, Petitioner was no longer authorized to work or remain in the United States (*See* Case No. 6:10-cv-280-22GJK at Doc. 31-1, p.8). Removal proceedings were initiated against Petitioner (Doc. 1-1 at 1-2). As part of these proceedings, the denial of Petitioner's I-130 application was scheduled for reconsideration in the Chicago USCIS office on September 6, 2011 (Doc. 1 at 1; Doc. 10).

On September 28, 2009, Petitioner filed a petition in this Court pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 1331 challenging the USCIS's sham marriage determination (Case No. 6:09-cv-1661-35DAB). In that case, Petitioner also filed an emergency motion for an injunction seeking, among other things, an order "restraining the Respondents from revoking the immigration status of the Petitioner related to his eligibility to accept employment pending determination of the issue presented in the Writ and Complaint . . . " and "mandating immediate proper adjudication of Petitioner's I-765 Application for Employment Authorization." (Case No. 6:09-cv-1661-35DAB, Doc. 19 at 16-17). This Court concluded that it was without jurisdiction to provide the injunctive relief sought by Petitioner and denied his motion for injunctive relief (Case No. 6:09-cv-1661-35DAB, Docs. 27, 31).[1]

---

[1]Petitioner has filed numerous complaints and petitions in this Court: 6:05-cv-1432-22GJK (employment discrimination suit against Walt Disney World); 6:08-cv-8466-22KRS (petition for writ of mandamus); 6:09-cv-1611-35DAB (seeking order restraining immigration officials from revoking immigration status and directing the USCIS to issue employment authorization); 6;10-cv-279-35KRS (challenging the denial of his visa petition); 6:10-cv-280-22GJK (*Bivens* suit); 6:10-cv-

Petitioner filed the current petition on June 6, 2011 (Doc. 1).

## II.     *Standard of Review*

A court's determination of subject matter jurisdiction takes priority over the merits of a petitioner's claims.  As such, if the court finds that subject matter jurisdiction does not exist, it must refrain from deciding a case on the merits.  *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998) (The requirement that jurisdiction be established as a threshold matter "springs from the nature and limits of the judicial power of the Untied States and is inflexible and without exception.") (internal citation omitted); *Ex parte McCardle*, 7 Wall. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc*., 411 F.3d 1242, 1247 (11th Cir.2005).  In an ordinary civil action, the Federal Rules of Civil Procedure require a party to file "a short and plain statement of the grounds for the court's jurisdiction...." Fed.R.Civ.P. 8(a)(1). If the complaint fails to conform to Federal Rule of Civil Procedure 8(a)(1), the defendant can move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1).  *See e.g., Leisure v. Hogan*, 21 F. App'x 277, 278 (6th Cir.2001); *Anderson v. United States*, 245 F.Supp.2d 1217, 1221 (M.D.Fla.2002).

---

861-35KRS (challenging the denial of his visa petition and petitioning for mandamus to compel administrative action); 6:10-cv-876 (petition for release from custody). 6:11-mc-0052-31KRS (private criminal complaint against Richard McGahey); 6:11-cv-1189-35KRS (petition to compel the USCIS to reveal letter written by Petitioner's spouse).

Under Federal Rule of Civil Procedure 12(b)(1), a party may bring either a facial or a factual challenge to the court's subject matter jurisdiction. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir.1990). In a facial challenge, the court assumes all of a plaintiff's allegations are true and determines whether a plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id*. at 1529. In a factual challenge, the court must determine if it has power to hear the case. *Id*. The court is not required to assume a plaintiff's allegations are true and is free to weigh the evidence and evaluate the merits of the jurisdictional claims. *Id.*  In the instant action, Respondents are making a facial attack on the complaint and the Court will take all the allegations in Petitioner's complaint as true.

### III.    *Analysis*

With these limitations in mind, analysis properly begins with Congress's 2005 amendment to the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(B), which provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, ***no court shall have jurisdiction to review***
>
> > (i) any judgment regarding the granting of relief under section . . . 1255 of this title or
> >
> > (ii) ***any other decision or action of the Attorney General*** or the Secretary of Homeland Security ***the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security***, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252 (emphasis added). Courts have recognized that this statute precludes a court from reviewing *any* discretionary decision or action of the USCIS. *See e.g., El-Khader v. Perryman*, 264 F.Supp.2d 645, 649 (N.D.Ill. 2003) ("The meaning of the statute is clear and unambiguous-it

precludes the courts from reviewing any discretionary decision of" the USCIS.); *accord Chaganti v. Chertoff*, 2008 WL 4663153, *2 (N.D. Ill. 2008).

Petitioner challenges the discretionary denial of his I-485 application for adjustment of status which was based upon the denial of his I-130 petition (Doc. 1 at 4). Petitioner argues that because his I-485 was denied, he has no I-485 application currently pending. Consequently, because employment authorization may not be granted in the absence of a pending I-485 application, his I-765 application for employment authorization was denied without prejudice to future applications (Doc. 1-1 at 18). To the extent that Petitioner requests this Court to review the denial of his I-765 application, this Court has already determined that it lacks the jurisdiction to do so (*See* Case No. 6:09-cv-1551-MSS-DAB, Doc. 27, 31). Petitioner's attempt to evade this Court's prior jurisdiction determination by recasting his argument as a challenge to "the arbitrary use of administrative authority by the Respondents' refusal to withdraw the denial order of Petitioner's I-485 application after withdrawing the denial of the I-130 petition" does not help Petitioner because this Court also lacks jurisdiction to review a denial of an I-485 adjustment of status application.

Decisions on adjustment of status (I-485 applications) are made pursuant to 8 U.S.C. § 1255 which falls squarely within subchapter II.[2] Section 1255(a) grants the Attorney General power to adjust the status of an alien "in his discretion under such regulations as he may prescribe. . . ." (2011). This Section makes clear that <u>both</u> the ultimate adjustment decision and the requirements for adjustment are within the discretion of the Attorney General. *See Ren v. Mueller*, 2008 WL 191010, *5 (M.D.Fla. 2008) ("[T]he ultimate adjustment decision is specified to be within the

---

[2]The phrase "under this subchapter" in 8 U.S.C. § 1252(a)(2)(B)(ii) refers to Title 8, Chapter 12, Subchapter II, which encompasses 8 U.S.C. §§ 1151 through 1381. *Kucana v. Holder*, 130 S.Ct. 827, 832 n.3 (2010).

discretion of the USCIS...."). This Court will not parse the difference between a decision to deny an I-485 application for adjustment of status and a refusal to withdraw the denial of an I-485 application for adjustment of status. Ultimately, a discretionary decision was made regarding Petitioner's I-485 application and this Court does not have jurisdiction to review that decision. *See Lang v. Napolitano*, 596 F.3d 426, 428 n. 1 (8th Cir. 2010) ("Congress has barred judicial review of the denial of adjustment of status, even if made in removal proceedings, except for review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals.") (internal quotation marks omitted).

Even assuming, without deciding, that denial of an I-485 application implicates a question of law or constitutional claim so as to be reviewable under *Lang*, review of these types of questions stemming from denial of an I-485 is limited to the courts of appeal. District courts have no jurisdiction to review such claims. Title 8 § 1252(a)(2)(D) states:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review ***filed with an appropriate court of appeals in accordance with this section.***

(emphasis added). Accordingly, to the extent that Petitioner argues that the USCIS's refusal to withdraw the denial of his I-485 application presents a constitutional claim or question of law, Petitioner must pursue such claim in the appropriate court of appeal.

Finally, Petitioner is currently in removal proceedings and will have another opportunity to obtain adjustment of status in those proceedings. The regulations provide that no appeal lies for adjustment of status applications because of the alien's ability to renew an application during removal proceedings. *See* 8 C.F.R. § 1245.2(a)(5) ("No appeal lies from the denial of an application

6

by the director, but the applicant, if not an arriving alien, retains the right to renew his or her application in proceedings under 8 CFR part 1240.").[3]  Once an alien is placed in removal proceedings, "the immigration judge hearing the proceeding has *exclusive jurisdiction* to adjudicate any application for adjustment of status the alien may file." 8 C.F.R. § 1245.2(a)(1) (emphasis added).  Because the immigration judge has exclusive jurisdiction over any pending or renewed adjustment of status application, this Court's interference with Petitioner's prior application would be futile. *Ibarra v. Swacina*, 628 F.3d 1269, 1270 (11th Cir. 2010) (finding remand of I-485 to the USCIS futile when removal proceedings were pending in which the decision could be challenged).

### *IV.   Conclusion*

In sum, this Court has already determined that it lacks jurisdiction to review the denial of Petitioner's I-765 application (*See* Case No. 6:09-cv-1551-35DAB, Doc. 27, 31).  Neither does this Court have jurisdiction to review the USCIS's discretionary decision to deny Petitioner's I-485 petition for adjustment of status. To the extent Petitioner is asserting a constitutional claim or question of law stemming from the denial, Petitioner must raise such claim in the appropriate court of appeal.  Finally, because Petitioner is in removal proceedings, the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any renewed I-485 application Petitioner may file.

Accordingly, it is **ORDERED AND ADJUDGED** that Respondents' Motion to Dismiss for lack of subject matter jurisdiction (Doc. 9) is **GRANTED.** The Petition for Writ of Habeas Corpus (Doc. 1) filed by Anesh Gupta is dismissed for lack of subject matter jurisdiction.

---

[3] Petitioner argues, without explanation, that "renewal of I-485 pursuant to 8 C.F.R. § 245.2(a)(5)(ii) is not an adequate and equal remedy the Petitioner is seeking in this case." (Doc. 12 at 5).

**DONE AND ORDERED** at Orlando, Florida, this 26th day of September, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
Anesh Gupta
OrlP-4 9/20