UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANESH GUPTA,

    Petitioner,

v.                                                          Case No. 6:11-cv-00935-31GJK

ERIC HOLDER, et. al,

    Respondents.

_____

## ORDER

This cause is before the Court on the following motion:

**MOTION:**   Petitioner Anesh Gupta's ("Petitioner's") Rule 59(e) Motion to Vacate Order Dismissing Petition (Doc. 15, filed October 3, 2011) (construed as motion to alter or amend a judgment).

On September 26, 2011, this Court dismissed Petitioner's 28 U.S.C. § 2241 habeas corpus petition because it lacked jurisdiction to consider the issues raised in the petition (Doc. 13, filed September 26, 2011). Petitioner now asks this Court to vacate that order because the Court "has based its decision on clearly erroneous finding of facts and erroneous legal standards." (Doc. 15 at 1).

A Rule 59(e) motion to alter or amend is an extraordinary request seeking a drastic remedy. Once issues have been carefully considered and determined, the power to reconsider "must of necessity be used sparingly." *Taylor Woodrow Construction Corp. v. Sarasota/Manatee Airport Authority*, 914 F.Supp. 1072 (M.D.Fla. 1993); *see Booker v. Singletary*, 90 F.3d 440 (11th Cir.1996). The relief sought should only be granted where there has been a change in the legal or factual underpinnings for the decision. Case law is clear in establishing that such a motion "is discretionary

and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir.1996).

These conditions for reconsideration have not been satisfied. Rather than offering new facts or law which could not have been presented earlier, Petitioner raises an entirely new argument and argues that this Court overlooked or misapprehended his claim.[1] A Rule 59 motion is not intended as a vehicle to re-litigate old matters, raise new arguments or present evidence that could have been raised prior to the entry of judgment. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir.2005).Upon review of Plaintiff's petition, the Court affirms its September 26, 2011 dismissal for lack of subject matter jurisdiction.

Accordingly, the Court orders that Petitioner's Rule 59(e) motion to alter or amend the judgment (Doc. 15) is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida, this 5th day of October, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
Anesh Gupta
OrlP-4 10/4

---

[1] Petitioner now argues that his original petition raised only the legal question of "whether de-facto re-opening of Petitioner's I-485 application has occurred if the concurrently filed I-130 petition is reopened and reconsidered by the Respondents." (Doc. 15 at 1). Contrary to Petitioner's assertion, this question was not raised in the June 6, 2011 petition which complained that "Respondents are attempting to pursue an improper course to remove the Petitioner from the United States by improperly enforcing a no-work condition on the Petitioner making it impossible for the Petitioner to employ counsel to contest his removal in the immigration proceedings." (Doc. 1 at 5).